Next case on our call, which is agenda number 9, number 129164, City of Rock Falls, etc. v. Aims Industrial Services Counsel for the appellant, be prepared to speak Good morning. May it please the court, my name is James Murtis I'm joined this morning by my co-counsel Mitchell Johnson and Megan Murtis I'm honored to be representing the appellant, Aims Industrial Services When the 4th district reversed the trial court, it created a divide between the 4th and 2nd districts that, if left standing, will upend the sound precedent of this state as it has existed for decades At the very core of this appeal is a single salient principle It is entirely permissible for a court sitting in equity to consider equity The trial court's balancing of the equities in this record was entirely permissible To hold otherwise would permit a municipality to wrest from our courts the fulfillment of their fundamental responsibility I'll briefly review the relevant facts In 2017, Aims purchased commercial property for the price of $245,000 The property had always been on a private sewage disposal system and the system was working properly Over two years after the purchase, the city of Rock Falls sued Aims for injunctive relief The city alleged that Aims had violated the city's sewer ordinance and requested that the court order Aims to connect to the city's sewer system If Aims were required to do so, following the general method for doing so the cost to Aims would have exceeded $150,000, nearly 65% of the commercial property's purchase price In 2020, while the city of Rock Falls was pursuing this lawsuit against Aims the city was also excusing a gun range from the very same sewer connection requirement Its reason? Because the gun range, the projected cost for direct connection to the city's sewer system for the gun range $36,000, would have been so high that it would constitute an undue hardship for the business owner In its denial of the city's request for injunctive relief, the trial court balanced the equities The trial court reasoned that the city had already decided that cost was something that it could consider in deciding whether to require a business to connect to the city's sewer system The trial court was troubled by the comparatively much higher cost for Aims to connect to the sewer system The court was also expressly concerned about the absence of lateral connections from the business property to the city's sewer main Counsel, will you talk about Sherman v. Krims in relation to what the trial court did? Yes, Your Honor. The Sherman v. Krims case is an interesting case because in Sherman v. Krims, the Illinois Department of Professional Regulation, a state agency brought a complaint for injunctive relief against a midwife who was accused of practicing nursing without a nursing license Now, the interesting point of Krims, decided by this high court in 2003 was that the court was focused on what it expressly characterized as the narrow issue of whether or not the state agency had proven a prima facie case of nursing without a license The court in Krims was not concerned with the issue of whether balancing of the equities was appropriate And did the court address the question of what the statute required or permitted once it was determined that the midwife was actually practicing without being properly licensed? Was that issue addressed in Krims? Well, to the extent that that issue pertained to the determination of whether the government had proven a prima facie case the answer to your question is in the affirmative. Yes, that was an issue. However, in Krims, this court was focused on that narrow issue, the issue of whether a prima facie case had been proven This court was not focused on the issue of whether balancing of the equities was appropriate So to the extent that the court ever discussed the issue of balancing of the equities and whether it was appropriate First, that discussion was dicta, as it did not relate to the narrow issue Again, this court characterized that issue as the narrow issue before it Secondly, and notably, in Krims the court was addressing the issue of a statutory violation as opposed to a municipal ordinance violation And what's the distinction there? What's the difference? Here you have an elected body, hopefully expressing the will of the people making a policy decision, and then your argument would be that the court can make a different decision about what should happen next So what's the difference between a statutory code and a municipal code? Your Honor, for purposes of deciding this case, I'm not sure that the court needs to delve into the differences between the municipal ordinance and the statute There certainly are differences between the level of sophistication of the more than 1,300 municipalities in the state and the single state legislature We could delve into the issue of how sophisticated must a city council be before the court will allow its judgment to be substituted by that of a city council But I think that if we were to do that, we would be engaging in an exercise that is not necessarily germane to the issue before you The salient issue before you is whether or not a trial court is permitted to balance the equities in determining whether to grant injunctive relief when either a statute or an ordinance is elected and violated Is a court any more sophisticated in understanding the needs of a community? The court is certainly not more sophisticated nor less sophisticated than the legislative body in understanding the needs of the community But ultimately, the determination of that issue, the answer to your question, is of little to no import to the issue before you today The issue before you today is whether or not a trial court sitting in equity can balance the equities in determining whether to grant injunctive relief when an ordinance or statutory violation is alleged to have occurred So counsel, in Krenz, and you were talking about that with Justice Cunningham, where it's stated that no discretion is vested in the court in determining whether to grant injunctive relief Once it's determined that the statute was violated, doesn't that answer the question before us today? Respectfully, no. And first, because Krenz was not focused on that issue. Krenz was focused on the narrow issue of whether the prima facie case had been proven of the statutory violation And then less than one year later, in its 2004 decision in Rosenwinkle, the second district spoke to the issue much more directly The Rosenwinkle court specifically held that balancing of the equities was permissible And that has been the law of this state for nearly two decades, since Rosenwinkle was decided by our second district And that decision of Rosenwinkle did not create any offense to this court's decision in Krenz decided one year earlier Since the Krenz court was not focused on the issue of whether balancing of the equities was permissible In the second district's 2004 Rosenwinkle opinion, the county filed a complaint for injunctive relief, alleging a zoning violation The second district observed that a court considering injunctive relief should balance the equities This is so even where the three traditional elements necessary to secure a permanent injunction are supplanted by a law Expressly authorizing a state or municipal government to seek injunctive relief Counsel, I have another question. Let's assume that the ordinance is interpreted in the same way as we would a statute Although you made a distinction earlier. Is there anything in the language of this ordinance that would require the balancing of equities Before an injunction can be imposed? What does the language of the ordinance say? Section 1-41 subparagraph N of the Rockwalls Municipal Code provides in its relevant part Quote, violations of this code that are continuous with respect to time are a public nuisance and may be abated by injunctive Or other equitable relief. That's interesting language, the disjunctive or equitable relief The city council appears to be telling us that the court may consider equity in determining what relief should be fashioned It's not only an injunction. It's injunction or other equitable relief So to the extent that Your Honor's question asks of me where I find authority in the municipal ordinance for the invitation of consideration of balancing of the equities That invitation is expressly set forth in that provision of the municipal ordinance And Rosenwinkel considered this court's 1981 opinion in Wilsonville In Wilsonville, a municipality had brought suit for injunctive relief against a company alleging environmental concerns This court expressly approved of the trial court's balancing of the equities in its determination to grant injunctive relief This is and has been the law of the state of Illinois But the 4th district and the 2nd district are now quite suddenly in conflict In its opinion below, the 4th district described the Rosenwinkel decision as, quote, somewhat difficult to decipher, end quote The 4th district opined that Rosenwinkel was in conflict with this court's decision And Krinz, respectfully, the 4th district has misconstrued Krinz I've discussed Krinz and how this court was focused on the narrow issue of the prima facie case It was not focused on the issue of whether or not a trial court sitting the equity could balance the equities In keeping with Rosenwinkel, without offense to Krinz, the trial court in this matter Properly balanced the hardships. It did so with several well-reasoned findings First, it found that the ordinance's triggering event for sewer connection did not involve the prevention of any risk to public safety But the mere occurrence of a sale of real property when its septic system was functioning entirely properly Second, the city had already made a cost analysis when it granted a waiver to another landowner To install a private sewer system under circumstances far less onerous than those that existed for my client Third, the city failed to install lateral connections which prevented the sewer system from being available to Ames As required by the city's own ordinance. The trial court's decision did not trespass upon the city's legislative authority Equity is the only imposition of its thoughtful decision The trial court's ruling held that the city should be held to its very logic Logic it expressly adopted for itself in the cost analysis it performed in the enforcement of its ordinance Which invited equitable considerations In the end, the trial court's ruling comported with its obligations to balance the equities and to do justice That was certainly, at a minimum, a permissible judicial act And for those reasons, respectfully, we ask this court to reverse the fourth district Thank you very much, counsel Counsel for Appellee Good morning, your honors, opposing counsel, and may it please the court My name is Matt Cole and I represent the petitioner appellee, the city of Brock Falls in this case Now, as opposing counsel has indicated, there really are two primary issues before the court today First is whether a municipal ordinance should be treated the same as a state statute Thereby dispensing with the traditional elements necessary to obtain an injunction And second, whether the judiciary is prohibited from denying an injunction after a statutory violation has been demonstrated When the statute itself expressly provides for injunctive relief as a remedy The city in this instance contends that both of those questions should be answered in the affirmative, your honors Counsel, what about this language in the ordinance for other equitable relief? How does that affect? Well, your honor, I think in this instance it does provide for specific relief And it specifically identifies injunctive relief Now, there may be circumstances whereupon the city requests other types of relief Based upon the specific case or the specific circumstances involved But I think it's very clear in that instance, based on the language of the City Code Section 141N That the city council intended for injunctive relief to be the primary, if not in most circumstances, the only remedy So I think that's not necessarily an indication to the court that it should pursue equitable remedies Outside of what the city council itself is pursuing as a remedy for its ordinance violations So, in short, I think that that can be summarized by saying it depends what the city is asking for They've already made it specifically clear that injunctive relief is a viable remedy To the extent that the city pursues something different And whether that involves merely the imposition of fines or some other equitable remedy Then it certainly has the capability to do so So, in my opinion, your honors, I believe that that language is more direction to the city's enforcement proceedings Versus direction to the judiciary in terms of what the legislature intends it to do When it's confronted with a request for injunctive relief under this ordinance But shouldn't there be some balancing of that as well? If the only opportunity to determine who is or is not afforded the opportunity to demonstrate need for relief From the ordinance is left solely to the city Does that put users, potential owners of property in different categories where they aren't treated equally? Presenting another problem Well, your honor, I think that really speaks to a legislative function And, for example, the specific ordinance at issue here that the city of Rock Falls is pursuing enforcement Actually expressly has a provision in there that authorizes the city council to grant what's commonly referred to as a waiver in this instance So there is discretion, but it's not a judicial discretion It's a legislative discretion from the city council And how would someone dispute when that is not granted? What is the remedy for that landowner to proceed? Absolutely, your honor, and that's a great question and one that was considered by the 4th district in this case And essentially what that boils down to is If, for example, this ordinance which provides for a violator to request a waiver from the city council is denied Then that decision that is made by the city council can be independently appealed from through an entirely different process Not the one that's involved here where a decision's already been made on the merits as to the violation itself So those are two separate proceedings where one would be focused upon the actual violation of the ordinance itself The other would be whether or not there should be some sort of administrative appeal or to the circuit courts As to whether or not the city council should have granted a waiver or not They're two different and distinct issues Let's just help me understand What is the path for appealing the decision? Is it administrative review or is it a complaint in the circuit court? You're saying there is a path for administrative review? I think there can be a path I think ultimately it probably would reside with the judicial review of the actual decision made by the city council Whether or not that would have been satisfied on their own findings and on their own terms And it's reviewed under a different standard than one here Because there is more deference given to the legislature when it's sitting in its legislative function As to whether or not it should actually waive compliance with its ordinance when it's provided in the ordinance itself So is this other path in the statute or in the ordinance? Or you're talking about maybe a deck action? I'm not quite sure I understand what you're saying where the ordinance allows for a waiver but it's reviewable somehow I'm not sure I understand Ultimately, Your Honor, there's no specific path in terms of review of that There's not a further proceeding within the city council in which someone can appeal that specific decision Ultimately, and I think what's important here is that's not the issue that's in front of the court Whether or not the city council should have granted a waiver in this instance Really the issue is whether or not when it came down to a determination on the merits which was provided here In which the appellate court determined that the trial court was in error when it denied the injunctive relief Whether or not the equities should have been balanced in that circumstance So again, that specific decision made by the city council, that can be I think sought after in a separate proceeding What that is is ultimately not my call, it's up to the individual that's involved with that request So I think really ultimately, Your Honors, the focus of the actual issues here on appeal are really strictly whether or not A court, when it's confronted with a specific statutory violation and a specific statutory provision that provides for injunctive relief Can still weigh the equities and say no And Your Honors, we think and the city believes that that should be answered in the negative I think it's important here to focus on the language that was cited by this court in Grims And it's been recited once already, but it's important to realize the specificity of that language In Grims, this court held that for a state or a governmental agency expressly authorized by statute to seek injunctive relief And it has been established that the statute has been violated No discretion, no discretion is vested in the circuit court to grant the injunctive Or to refuse to grant the injunctive relief authorized by that statute I think that's absolutely crystal clear And that is ultimately the rule of law that the 4th District applied when it was confronted with the trial court's original denial of the city's request for injunctive relief And I think it's important to boil down ultimately why it is that the legislature and the statutes that provide for these specific remedies have such deference And ultimately it comes down to the fact that where a governmental agency, whether it be a state agency or a municipal agency, pursues injunctive relief for an ordinance violation It's presumed in those instances that harm has already been done to the public and that the only remedy is an injunction Not monetary damages, nothing else, an injunction And at that point where the legislature has provided a specific remedy, the legislature has spoken It's made a determination that irreparable harm would come before the public if an injunction is not granted And respectfully, your honors, I think that is a legislative function and one of public policy For example, the ordinance at issue does provide for a specific relief under injunctive powers In this instance, the case is centered really around a series of ordinances enacted by the city which requires the respondent in this case to connect to the city's sewer mains It's well established that a city and one of its most time-known powers has the authority to require individual property owners to connect to city sewers And that the failure to do so causes irreparable harm to the public Because the very purpose of allowing cities to require individual property owners to connect to city sewer mains Is that the benefits of the system are lost unless all can be compelled to connect to it So I think it's very clear in this circumstance where we are requesting injunctive relief Under circumstances in which the city sewer mains are adjacent to this property And in which it's very clear based on decades and decades of case law that it is an acceptable remedy for the city I think it's obvious at that point why the city council would require injunctive relief Because to do so would essentially allow someone by the payment of fines, for example, if injunctive relief were denied By the payment of fines alone to purchase themselves a waiver Because ultimately that's what would happen in this case We've already discussed the fact that the respondent in this case asked for a waiver And it was denied by the city council and that denial is not the subject of this appeal today But the corollary to the fact that if courts were allowed, notwithstanding the fact that there is a specific remedy of injunctive relief under the city's code If it were to weigh the equities and deny the city's request for an injunction and instead impose fines Then by virtue of judicial fiat, really what has happened, your honors, is that property owner has purchased a waiver And respectfully, your honors, these are decisions that should be made by the legislature themselves They're in the better position to know what harms to the public necessitate abatement by injunctive relief versus mere monetary fines alone And that's indicated very clearly in CRINS when that statute or ordinance in this instance specifically provides for injunctive relief Now that's different than an ordinance that speaks, that is silent on the remedies that could be granted to a municipality So for example, if you had a separate ordinance which merely provided that it was a violation and did not specifically prescribe for injunctive relief Then ultimately, there is the capability where you're talking about general relief, the general powers of the judiciary to exercise their powers of equity You could do so because in those instances, your honors, the legislative body has not spoken specifically as to what needs to be done in that instance To protect the public health, welfare, and safety That's really what this is about There was some indication from opposing counsel that there's a distinction here based on the language that CRINS has used which identifies statutes versus ordinances And your honors, I believe that ordinances are synonymous with statutes And in fact, there's a number of subsequent appellate court cases that apply the CRINS ruling in this instance And don't make any distinction between ordinances and statutes And really, that's because they are the same The same considerations between ordinances and statutes are at play here Like statutes, ordinances are enacted by a legislative body of elected officials who are held accountable to their constituents Like statutes, they carry the force of law over the communities in which they govern And like statutes, they're adopted for the very purpose of protecting the public health and safety Counsel, can you stop right there? You're talking about the health, welfare, and safety Why was that not an issue when you granted the waiver to the gun range? Well, ultimately, your honors, and again, I'd like to start off by saying that issue, that specific waiver, was not before the court at least as far as the issue is here But, that being said, it's up to the city council to weigh those individual merits on a case-by-case basis They're in the better position to know whether or not a particular instance that is involved requires abatement by injunctive relief Again, we know that this waiver existed, but we don't know, and it's not before the court to weigh those specific facts The ordinance itself recited some facts, but there's no recitation of the discussions that were had at the city council meeting There's no evidence that's been provided that any factors are really different from this case involved But the purpose is, the city council has that ability within its legislative function to decide whether or not the public would truly be harmed in that instance And I think that's distinct from the court's general equity powers when you're weighing the equities between individuals When individuals, and this is typically where the court applies its equitable powers, it makes sense to apply the equities Because we're trying to redress harms that are imposed from one person to another But don't courts have the power of equity to balance overreach by the government to protect the public and its citizens? I think that's certainly true, Your Honor It is part of the judicial function to interpret and apply the law in these instances Now, I don't think that a ruling, and it's this court's ruling which states that If the legislative body has spoken as to this issue and says this is the remedy that should apply in circumstances where an ordinance has been violated That's not overreach. I think that's an exercise of their power And I don't think that these are overlapping powers between the judiciary and the legislative bodies either Ultimately, the court is tasked with applying and interpreting the law here And if the law states that this is the remedy that must be provided to the legislature The governmental agency that's pursuing whatever ordinance or statutory violation is involved Then I don't think that would constitute any sort of overreach by the legislature What it really would amount to is potential overreach by the judiciary if equities were always part of the consideration And I think that's an important issue to speak about, Your Honors Ultimately, if the equities were to be balanced in every circumstance in which a statute or an ordinance was violated And it's specifically provided for injunctive relief Then there would always have to be a finding, there would always have to be a hearing as to the equities involved And by virtue of that, it would make governmental enforcement efforts cumbersome and illogical Because in every single instance where every single ordinance violation is brought before a court You would have to weigh the equities And I think that ultimately clashes with the understanding of what the legislature is trying to do here Because again, take the city of Rock Falls for example These aren't always ordinance violations that are high profile It could be someone merely having to mow their lawn or to fix up their building if their facade is falling down And if the courts were to be authorized in every single one of those situations to balance the equities And the city had to somehow try to persuade the courts that there's a very real reason why we need injunctive relief Then that's going to essentially eviscerate governmental agencies' powers to pursue enforcement Not only in a timely manner, but in many circumstances they may not be able to get afforded the relief that they need at all For example, ordinances can be violated by any kinds of persons Irrespective of their class, they can be violated by rich people, they can be violated by poor people Ultimately the main concern and the primary concern of the governmental agency Despite the specific individual conditions involved is to ensure the public health and safety And if individual considerations were to come into play in those circumstances Then that essentially means that the judiciary would be placing individual considerations over that of the public When we're talking about something that would cause irrevocable harm or irreparable harm to the government itself So I think that is certainly a slippery slope for the court to consider in this instance In respect of the fact that we do have separate branches of government involved here Your honors, I would also add that there was reference to the Wilsonville case Which is also a Supreme Court ruling here And the fact that in that case the equities were supposedly balanced in terms of a statutory violation Respectfully, I think that's a misunderstanding and misinterpretation of that case and the issue that was in front of this court Ultimately that case predates Sedat and Krenz, the cases which we're really relying upon as the rule of the land right now But on top of that, your honors, the individual considerations that this court was reviewing Was not whether or not it should balance the equities It was in terms of how it was to tailor or craft the injunctive relief that was to be granted And I think that there is a distinction there For example, if the Krenz ruling was upheld And the judiciary is required to issue an injunction when a statute specifically provides for that relief Then that does not necessarily limit their ability to tailor the injunctive relief that's going to be granted For example, this case is an excellent example There's two ways in which the respondent in this case can comply with the city code And that's been briefed But ultimately one involves the connection to a sewer manhole by an electric pump That would dispose of the sewage into the city's sewer mains That would come at a drastically different cost involved $50,000 approximately Versus actually boring down and getting down to a direct connection to the sewer main itself Your honors, I do see that I'm out of time here So if there are no other questions, thank you Thank you very much, counsel Counsel for the appellant Thank you There has been a blurring, I believe, of the issue that has long been decided in the state And the issue that is now before the court The law is, and I suspect after this case, will be the traditional pleading elements for injunctive relief When a statutory or ordinance violation is alleged Will not be necessary Specifically that the law was, is, and I suspect will be That a governmental agency, be it the state or be it a municipality Need not allege and prove an inadequate remedy at law An irreparable injury or a clear right to relief That's not the issue before this court The issue before this court is whether it's permissible for a court sitting in equity To balance the equities And I believe that the colloquy between this court and my opponent In the early portion of the oral argument Underscores the concern that is now before this court And the importance of the issue that is decided This court asked of my opponent What of this ordinance language or other equitable relief It seems that the ordinance invites balancing of the equities And the answer was, well it depends on what the city asks for The court asked what about the possibility of disparate treatment And the answer was, well the municipality would decide The court asked of my opponent What is this path for review of the city's determination And the answer was, well there's no clear path In the end, the city's position is The equities are what we tell you they are In the end, what the city is suggesting Is that it alone determines the balancing of the equities And the court is deprived of the ability to do so in all instances The council for the city actually discussed Well if the court is permitted to balance the equities Then what of these ordinance violations We're not talking about a $150,000 dispute over connecting to a sewer main What about the mowing the lawn? An ordinance violation is alleged If balancing of the equities is permitted Can we think of such horrors that might exist If the trial court is called upon to balance the equities in those circumstances Well frankly, I do not share my opponent's confidence In entrusting the exclusive province of the determination of the balancing of the equities To a municipality or to a legislative body With no clear path of review by the courts I do not believe we should ever entrust a legislative body To determine the equities and deprive the courts Of the ability to balance the equities And frankly, if we're going to be parading horribles Various scenarios that can exist If we permit courts to balance the equities I suspect I could take a lot of time with this court Parading an example, one after another after another Example of horrible circumstances that could exist If we deprive our courts of the ability to balance the equities When a legislative body, be it the state legislature Or be it one of the more than 1,300 municipal corporations in this state Is allowed to enact an ordinance Enforce that ordinance And deprive the court of the ability to decide what's fair Thank you Thank you very much, both sides This case, agenda number 9, number 129-164 City of Rock Falls v. Ames Industrial Services Will be taken under advisory